IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**JAMES W. FIKES, JR.**

    **Petitioner,**

    v.

**WARDEN, MARION CORRECTIONAL
INSTITUTION, AND OHIO ADULT
PAROLE AUTHORITY,**

    **Respondents.**

**CASE NO. 2:16-CV-0832**

**JUDGE MICHAEL H. WATSON
MAGISTRATE JUDGE KEMP**

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, has filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. He has also moved for leave to proceed *in forma pauperis*, which motion (Doc. 1) is **GRANTED**. This matter is before the Court on its own motion to consider the sufficiency of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** as unexhausted and as barred by the one-year statute of limitations found in 28 U.S.C. § 2244(d).

### I. Facts and Procedural History

The facts of this case are taken from the Petition which is attached to the motion for leave to proceed *in forma pauperis.* The important facts are as follows.

Petitioner was convicted in the Lorain County Court of Common Pleas in 2006 of the crime of escape and sentenced to three years in prison. He pleaded guilty to that charge. He asserts that the prison term expired on August 7, 2009, and that he was granted

parole status (although never actually released from prison), but his parole status was subsequently revoked without the benefit of a parole hearing. He identifies November 2, 2010 as the date of the Parole Authority's action. He did eventually get a parole hearing, but not until March, 2011, at which time his case was continued for three more years. He does not say what happened at the next parole hearing, but he is still incarcerated, so he clearly was not granted parole at that time. The website of the Ohio Department of Rehabilitation and Correction shows that he is currently serving a sentence of ten to fifty years for rape, imposed by the Court of Common Pleas of Huron County, Ohio, and that his next parole hearing will take place in 2019.

Petitioner claims that after the expiration of his three-year escape sentence in 2009, the State of Ohio lost jurisdiction to continue his imprisonment. He asserts claims under the Due Process and Ex Post Facto clauses of the United States Constitution. He admits that he has never appealed the actions of the Parole Authority, but states that he has no remedy of appeal available.

## II.  Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which became effective on April 24, 1996, imposes a one-year statute of limitations on the filing of habeas corpus petitions. 28 U.S.C. § 2244(d) provides:

> (d) (1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>    (2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

This Court has previously held, citing numerous decisions from both the Sixth Circuit Court of Appeals and other District Courts, that the statute of limitations for a claim based on parole revocation accrues on the date that the revocation becomes final. *See, e.g, Al'Shahid v. Warden, Pickaway Correctional Institution,* 2016 WL 5942287, *2-3 (S.D. Ohio Oct. 13, 2016), *adopted and affirmed* 2016 WL 7045632 (S.D. Ohio Dec. 5, 2016). "A parole revocation becomes final when a hearing officer for the Ohio Adult Parole Authority determines that the defendant violated the conditions of his release and, therefore, the revocation sanction should be imposed." *Klopp v. Wolfe*, 8 Fed.Appx. 444, 446 (6th Cir. Apr. 30, 2001). According to Petitioner, that action occurred well more than a year prior to the

date he signed his habeas corpus petition, which was August 21, 2016. Consequently, his claim is barred by the one-year statute of limitations found in 28 U.S.C. §2244(d).

Even if that were not so, there are substantial procedural barriers here as well. It is a statutory requirement that before a federal court can grant habeas corpus relief to a state prisoner who is being held under a judgment issued by a state court, that prisoner must have asked for relief from the state courts and been denied. *See* 28 U.S.C. §2254(b). That statute says that a petitioner cannot get federal habeas corpus relief unless he or she "has exhausted the remedies available in the courts of the State...." There is an exception available if the state has no corrective process to address the particular issue being raised. The reason that a petitioner must first seek relief from the state courts is so those courts have a chance to fix their own errors before a federal court steps in and does it for them. As the United States Supreme Court said in *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999),

> State courts, like federal courts, are obliged to enforce federal law. Comity [which is the respect a federal court owes to the state judicial system] thus dictates that when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief.

Ohio courts will review the actions of the Parole Authority in the context of a petition for a writ of mandamus. *See Wright v. Ghee*, 74 Ohio St. 3d 465 (1996). This Court has required habeas petitioners to exhaust that remedy before filing for relief in federal court. *See, e.g., McCardle v. Warden, London Corr. Inst.*, 2010 WL 3719241 (S.D. Ohio Sept. 15, 2010), *adopted and affirmed* 2010 WL 4384247 (S.D. Ohio Oct. 27, 2010). They also will

4

consider, in a state habeas corpus action, a claim that a prisoner is being held beyond the expiration of his sentence. *See Johnson v. Robinson*, 2016 WL 3216731 (Ross Co. App. June 8, 2016). Consequently, the petition filed in this case is also unexhausted, in addition to being time-barred. Finally, to the extent that any state mandamus action may no longer be available to Petitioner (and the Court expresses no opinion on this point), he would have procedurally defaulted his claims for purposes of federal habeas corpus relief. Consequently, there are multiple reasons why he is entitled to no relief here and why his petition must be dismissed.

### III. Recommended Disposition

For the reasons set forth above, the Court **RECOMMENDS** that this action be **DISMISSED** as barred by the one-year statute of limitations found in 28 U.S.C. §2244(d) and as either unexhausted or procedurally defaulted.

### IV. Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made

herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

/s/ Terence P. Kemp
United States Magistrate Judge
